UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHRISTOPHER BRADY, JR.**                           **CIVIL ACTION**

**VERSUS**                                           **NO. 14-1744-SM-SS**

**CAROLYN COLVIN, ACTING**
**COMMISSIONER OF SOCIAL SECURITY**

### REPORT AND RECOMMENDATION

On July 31, 2014, plaintiff, Christopher Brady, Jr. ("Brady"), filed a complaint against Carolyn W. Colvin, Acting Commissioner of Social Security Administration ("Commissioner"). Rec. doc. 1.  He is represented by counsel.  The summons was issued.  Rec. docs. 4 and 5.  There is no record of service of the summons and complaint.  The Federal Rules of Civil Procedure provide:

> If a defendant is not served within 120 days after the complaint is filed with the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m).  Brady's complaint has been pending for more than 120 days.

On February 9, 2015, the matter was set for the call docket on Wednesday, February 25, 2015.  Brady was notified that the failure to file proof of service of the summons and complaint or demonstrate good cause for the failure to do so, shall result in a report and recommendation that Brady's complaint be dismissed without prejudice.  The Clerk's records indicate that counsel for Brady was served with the order.  Rec. doc. 7.  Brady's counsel had two weeks before the call docket to file proof of service or seek additional time.  No one appeared for the call docket on February 25, 2015 or contacted the Court.

In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with

the court's order.  Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989).  Brady is represented by counsel.  While the responsibility for the failure to comply with the court's orders does not rest exclusively with him, Rule 4(m) requires a dismissal without prejudice.

## RECOMMENDATION

Accordingly, IT IS RECOMMENDED that Brady's complaint (Rec. doc. 1) be DISMISSED WITHOUT PREJUDICE.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 6th day of March, 2015.

_____
SALLY SHUSHAN
U.S. Magistrate Judge